## LIVINGSTON v. AETNA LIFE INS. CO.

### No. 14465.

Court of Civil Appeals of Texas.
Dallas.

Jan. 11, 1952.

Rehearing Denied Feb. 1, 1952.

O'Connor & Douglass, Dallas, for appellant.

Thompson, Knight, Wright, Weisberg & Simmons and Pinkney Grissom, all of Dallas, for appellee.

CRAMER, Justice.

Appellant Sam Livingston, as plaintiff, filed two separate suits (consolidated before trial) against Aetna Life Insurance Company, hereinafter called Aetna, as defendant, seeking a recovery for total and permanent disability alleged to have been suffered by him in March 1948 and claimed by him to be compensable under Aetna's policy No. 3380. Defendant in its answer asserted its policy No. 3380, covering both death and total and permanent disability benefits, terminated in March 1946; that policy No. T-3380 was issued, effective on the same date policy No. 3380 terminated; that no premiums were paid on policy No. 3380 since March 1946; further, that policy No. T-3380 in force since the termination

of policy No. 3380, does not cover benefits for total and permanent disability, but only for death benefits.

By supplemental petition plaintiff claimed Aetna policy No. T-3380 was a nullity, since a copy thereof was not filed with the Commissioner of Insurance of the State of Texas; also that such policy, because not so filed with such Commissioner, did not cancel policy No. 3380. The parties will be referred to as in the trial court.

After issues were joined by the pleadings, defendant Aetna filed a motion for a summary judgment supported by proper affidavits, etc. On a full hearing on such motion the trial court sustained the motion and entered a take nothing judgment against the plaintiff Livingston, and this appeal has been properly perfected from such judgment.

Appellant briefs but two points of error, in substance: Error of the trial court in rendering the summary judgment because (1) the pleadings raised a real issue of fact as to whether or not plaintiff agreed to the cancellation of policy 3380 and an acceptance of coverage under policy T-3380; and (2) the group policy and his certificate thereunder could not be changed since policy T-3380 was delivered in Texas and a copy of such policy was not filed and approved by the Commissioner of Insurance of the State of Texas.

On the hearing on the motion for summary judgment the evidence was undisputed. The original policy No. 3380 was issued by defendant, as insurer, to the Swift & Company Employees Benefit Association, hereafter called Association, and by its terms was (a) a group policy; (b) one year term; (c) renewable monthly thereafter at the option of the Association; (d) nonparticipating; (e) premiums payable monthly; (f) with death and total permanent disability benefits plus waiver of premiums during total and permanent disability; (g) all in favor of members of the Association who paid to the Association, from month to month, premiums based on prior loss experience periods set out in the policy. Policy No. 3380 was

not renewed by the Association and it terminated under its own terms at the end of March 1946 period. By its own provisions such policy was one of term insurance. Roy v. Aetna Life Ins. Co., Tex.Civ.App., 191 S.W.2d 489, error refused. A copy of policy T–3380 was not filed with the Commissioner of Insurance of the State of Texas. Policy T–3380 became effective on the date policy 3380 was not renewed by the Association. Premiums were thereafter paid by the Association to defendant Aetna only on policy T–3380. Under both policies defendant Aetna dealt solely with the Association as the policy holder, in accordance with the express terms of both group policies.

■ Under such record it was not necessary for plaintiff to consent to the termination of policy No. 3380. The Association acted for him in the matter of its renewal on all expiration periods. The policy terminated by its own terms at the expiration of each monthly period, or expiration date, if the Association did not renew it. The policy itself, in addition to its original terms, by a rider in effect at the time it was not renewed by the Association, expressly provided, " * * * The insurance of any member insured hereunder shall automatically be terminated * * * upon a discontinuance of the group policy by Swift & Company Employees Benefit Association. * * *."

■ The above recited facts, as a matter of law, bar a recovery by plaintiff on, or under policy 3380, it having terminated by its own terms in March 1946. Policy No. 3380 was the only policy in which there was a total and permanent disability benefit clause; policy No. T–3380 covered only death benefits.

But plaintiff also asserts in his brief that policy T–3380 must be considered the same as the old terminated policy since he did not consent to the cancellation of the old policy and a copy of the new policy was not filed with our Commissioner of Insurance in Texas. The old policy, 3380, by its own wording terminated when the Association failed to pay premiums on it and thus renew it, and, at the same time

accepted and paid less premiums on the new policy based upon a different coverage (death only).

Since the final result of this case cannot be affected by the fact that the new policy was not filed with the Commissioner of Insurance of the State of Texas, no recovery can, on any theory, be had on either the old or the new policy.

The plaintiff's case having been fully developed and the facts being undisputed, there was nothing for a jury to pass upon; and the trial court properly rendered and entered the summary judgment appealed from. It must be

Affirmed.