**C. A. DRINKARD et ux., Appellants,**

v.

**GROUP HOSPITAL SERVICE, INC., et al.,**
**Appellees.**

**No. 16108.**

Court of Civil Appeals of Texas.

Dallas.

March 29, 1963.

Rehearing Denied April 19, 1963.

Brown & Elliott, Dallas, for appellants.

Thompson, Coe, Cousins & Irons, Dallas, and Folley, Snodgrass & Calhoun, Amarillo, for appellees.

BATEMAN, Justice.

Our former opinion in this case is withdrawn and the following substituted therefor:

This is a suit upon two group insurance policies, one entitling appellant's wife to certain specified hospital benefits and the other entitling her to certain medical, surgical and radiation benefits, and particularly the "Catastrophic Illness Endorsement" attached to and made a part of each policy and under which the particular company insured against certain expenses in connection with the treatment of eleven

certain serious diseases, including cancer. Defendants answered (1) by general denial, and (2) that both policies provided that they would be terminated upon default of payment of monthly charges, and that benefits would not be available after termination date, and that the policies were terminated prior to the accrual of the claims asserted.

The material facts, as found by the court following a non-jury trial are (1) that both of the contracts sued on provided for termination upon default of payment of monthly charges, and that benefits will not be available after termination; (2) that appellant paid the monthly charges up to and through July 10, 1960; (3) that appellant's wife contracted cancer in January 1959, incurring certain hospital, medical and surgical expenses over a period of about one year, which appellees paid without protest; (4) that on or about September 25, 1960 she was afflicted by a recurrence of said disease of cancer for which she was "treated" until her death from said disease on February 11, 1961; (5) that appellees refused to pay any of the expenses of treatment necessitated by the recurrence of the disease in September 1960; (6) that written demand for payment of such expenses was made more than 30 days prior to suit, and that a reasonable fee for appellants' attorney is $500.; (7) that effective July 10, 1960 appellant voluntarily became insured under another group plan underwritten by The Aetna Insurance Company, which paid $1,178.67 of the expenses sued for herein; (8) that appellant understood that the coverage under said new plan was from his standpoint a substitute for the coverage he had been carrying with appellees; and (9) that Aetna Insurance Company did not deduct anything from the payments made to appellant because of his wife's history of cancer prior to July 10, 1960.

The court then concluded as a matter of law that appellant's right to benefits under the policies terminated on July 10, 1960, and rendered judgment that he take nothing. For the reasons hereinafter given we reverse that judgment.

Appellant's first contention is that the court erred in concluding as a matter of law that his right to benefits terminated July 10, 1960, when he became in default in the payment of premiums on these policies, because, he says, his right to benefits became vested when his wife contracted cancer during the life of the policies and his subsequent failure to pay premiums did not affect appellees' liability already incurred.

Each of the "Catastrophic Illness Endorsements," after listing in Section I the eleven deadly diseases covered, provided in Section II:

"For each person included hereunder, the benefits shall be available for expenses incurred during the five-year period immediately following diagnosis of any of the named diseases, and not thereafter. In no event shall the maximum liability of the Plan under this Endorsement exceed [$2,000. in one endorsement and $3,000. in the other] for any one illness, or during any five-year period."

Section IV of each endorsement, under the heading "CANCER BENEFIT," then provides:

"The benefits hereunder apply only to services rendered following a pathological diagnosis of cancer; and *for the purpose of benefits under this Rider, a subsequent diagnosis of cancer shall be considered a continuation of the previous cancer.*" (Emphasis supplied).

Appellees argue very plausibly that since the contingency insured against here is the incurring of certain expenses, as distinguished from disability or loss of time, and since the expenses were incurred several months after termination of the policies, there can be no liability. They cite Phillips v. Great Nat. Life Ins. Co., Tex.Civ.

App., 226 S.W.2d 660, no wr. hist.; Livingston v. Aetna Life Ins. Co., Tex.Civ. App., 246 S.W.2d 261, err. ref.; Washington Nat. Ins. Co., v. Ollie, 200 Ark. 1001, 142 S.W.2d 226. These cases merely hold that a group policy may be cancelled by agreement of the contracting parties, or by either party in accordance with the contract, and that the insurer is not liable where the event or contingency insured against occurs after termination. They do not help us here because there is no question in the case before us that certain hospital and medical expenses (the event insured against) were incurred *prior to* termination and in connection with a disease that recurred shortly *after* termination.

The important question to be determined here, then, is: When did appellees' liability for expenses incident to Mrs. Drinkard's cancer cease? With the termination of the policies, as appellees contend? Or, appellees' liability having once attached, were appellant's rights so vested that the expenses incident to the recurrence of the cancer were covered, even though the policies were previously terminated at a time when Mrs. Drinkard had apparently or temporarily been restored to health?

We would be inclined to agree with appellees in this respect were it not for the provisions in Sections II and IV hereinabove quoted, and particularly the phrase, "for the purpose of benefits under this Rider, a subsequent diagnosis of cancer shall be considered a continuation of the previous cancer." If Mrs. Drinkard had been in the hospital suffering from cancer at the very time of the termination of the policies, the liability of appellees for the expense incurred in connection therewith would have continued on for the remainder of the five year period immediately following the original diagnosis or until the maximum monetary limit specified in Section II had been exhausted. In other words, the event or contingency insured against having occurred during the life of the policies, the refusal of the companies to pay the expenses incurred after termination would have constituted a breach of the contracts. It would necessarily follow, then, in view of the quoted policy provisions, that upon the recurrence of the cancer appellees' continuing liability would obligate it to pay the specific expenses thereof.

Appellees contend that the true meaning and purpose of the phrase "a subsequent diagnosis of cancer shall be considered a continuation of the previous cancer" is to protect the companies against the possibility of an insured's using up the $3,000 limit or the $2,000 limit, or both, as the case might be, during one period of treatment for cancer following which the patient might apparently recover from cancer and then claim that the recurrence of cancer was a different illness for the expenses of which he might again recover up to $3,000 under the one policy and $2,000 under the other. If this was intended as the only purpose and effect of the phrase, it could have been made to convey that thought. The phrase says it is made "for the purpose of benefits," not for the purpose of *limiting* benefits. As we read it, the phrase could have the meaning ascribed to it by appellees and also that which we have ascribed to it; neither excludes the other; both meanings are compatible. If there is a lack of clarity of meaning, it must be "interpreted strictly against the insurer and liberally in favor of the insured." 24–B Tex.Jur. 104; Providence Washington Insurance Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379.

Appellees also maintain that this case should be governed by General American Life Ins. Co. v. Rios, 139 Tex. 554, 164 S. W.2d 521, and General American Life Ins. Co. v. Johnson, Tex.Civ.App., 88 S.W.2d 535, err. dis. We do not agree. In each of those cases was involved a policy of health and accident insurance which provided for payment of a certain sum on receipt and approval by the company of "due proof" that the insured had been totally and permanently disabled for a period of six months.

In both cases it was shown that monthly premiums were not paid for the full period of six months following the inception of the disability; and it was properly held in each case that the policy terminated for non-payment of premium before liability began. As pointed out by the Beaumont Court in the Johnson case, if the insured had recovered his health within the six months period, no right to benefits would have accrued. Liability *could not* attach until the end of that period, wherefore it was essential that the policy be kept in force until that time.

■ However, a quite different case is presented here. Liability had definitely attached in 1959 when Mrs. Drinkard first contracted cancer, and since both policies provided that "for the purpose of benefits * * * a subsequent diagnosis of cancer shall be considered a continuation of the previous cancer," we are compelled to hold that that liability continued on, even after termination of the policies, for the five year period, and subject to the monetary limitations specified in the policies. 6 Couch on Insurance 2d, Sec. 32:3; American Casualty Co. v. Horton, Tex.Civ.App., 152 S. W.2d 395, err. dis.; Prudential Ins. Co. v. Cox, 254 Ky. 98, 71 S.W.2d 31; Equitable Life Assur. Soc. v. Boyd, 51 Ariz. 308, 76 P.2d 752.

■ Appellant's second contention is that the court below erred in admitting testimony as to the other group plan which became effective July 10, 1960 when appellees' plan ceased, over his objections (1) that there was no pleading to support it and (2) that it was not pertinent or relevant. Taking the position that this matter is an affirmative defense, appellant argues that it will not support a judgment for appellees in the absence of pleadings, citing Stone v. Boone, Tex.Civ.App., 160 S.W.2d 578, err. ref. w. o. m. We do not agree that the matter of the other insurance constitutes an affirmative defense, or any defense at all. When the objection was made, counsel for appellees stated that it seemed to him that "it is merely an evidentiary fact to show the man's intent" and didn't need to be pled. We fail to see that appellant's intent with respect to obtaining other or additional insurance coverage could be material to the controversy before the court. Both policies sued on provided that "The benefits herein provided are available in full, notwithstanding recovery of benefits under insurance protection of a similar nature." Accordingly we hold that the objection was good and should have been sustained.

■ Appellant's last point of error is that the court erred in denying him the 12% penalty and a reasonable attorney's fee under authority of Art. 3.62, Texas Insurance Code, V.A.T.S. Appellees urge that Art. 3.62 is inapplicable to them because they are exempted from the effects thereof by the provisions of the respective chapters of the Insurance Code under which they are chartered.

The record shows that appellee Group Medical and Surgical Service is a statewide mutual life, health and accident company organized and chartered under the provisions of Chapters 13 and 14 of the Insurance Code. Art. 13.09 (a part of Chapter 13) provides in part: "Except as expressly provided in this chapter and in Chapter 14 of this code, no insurance law of this State shall apply to any corporation operating under this chapter, and no law hereafter enacted shall apply to them unless they be expressly designated therein."

The appellee Group Hospital Service, Inc. appears to have been organized and chartered under the provisions of Chapter 20 of the insurance Code, Art. 20.09 of which provides in part: " * * * the provisions of the other chapters of this code are hereby declared inapplicable to corporations organized and/or operated under this chapter."

On the authority of National Security Life & Casualty Co. v. Gooch, Tex.Civ. App., 289 S.W. 2d 336, no wr. hist., we hold

that the provisions of Art. 3.62 of the Texas Insurance Code, authorizing recovery of a 12% penalty and a reasonable attorney's fee when certain insurance companies fail to pay losses for which they are liable, are not applicable to either of the appellees. See also General Life Ins. Co. v. Potter, Tex.Civ.App., 124 S.W.2d 409; no wr. hist.; American Casualty & Life Co. v. Hale, Tex.Civ.App., 198 S.W.2d 759; no wr. hist.; and McCoy Undertaking Co. v. American Cas. & Life Co., Tex.Civ. App., 248 S.W.2d 311, err. dis.

The amount of expenses incurred by appellant, which we have hereinabove held to be recoverable, having been stipulated on the trial, we see no reason for remanding the case for another trial. Accordingly the judgment appealed from is reversed and judgment here rendered in favor of appellant against Group Medical and Surgical Service for $510.00 and against Group Hospital Service, Inc. for $1,072.92, with interest from January 16, 1962, the date of the judgment in the district court, at six per cent per annum; and that the costs be taxed against appellees in the same proportion.