**Frank Jones EVANS et ux., Appellants,**

v.

**PACIFIC NATIONAL FIRE INSURANCE COMPANY, Appellee.**

No. 16160.

Court of Civil Appeals of Texas.

Dallas.

April 12, 1963.

Rehearing Denied May 3, 1963.

Thomas R. Fox, Dallas, for appellants.

Fanning, Billings, Harper, Pierce & Gilley and Donald A. Gilley, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit brought by appellant Thomas R. Fox, attorney in fact, on an in-

surance policy covering loss or damage to a dwelling owned by Frank Jones Evans and wife, Martha Evans. The policy, issued by appellee Pacific National Fire Insurance Company, is a standard form fire insurance policy to which Physical Loss Form No. 148 has been attached.

After trial before the court without a jury judgment was rendered for appellant for $266.78. The court rejected several items of damage claimed by appellant, hence this appeal. We have concluded that the trial court's judgment should be affirmed.

Appellant pled four items of physical damage to the dwelling: (1) Chipped double sink $73.17; (2) Chipped bathtub $25.50; (3) Formica drainboard $75.00; (4) Two Redwood gates $50.00.

In addition to the above physical loss and damage items appellant claimed $300 damages for loss of rent, and $2,000 damages for loss of his equity in the premises when a mortgage was foreclosed. The foreclosure could have been avoided, according to appellant, if appellee had not refused to pay appellant's claim.

Form 148, attached to the policy, provides, among other things, that the insurer will be liable only when the loss to the property exceeds $50 in any one occurrence. Appellant's position, as stated in his first point on appeal, is that since the provision was not pled by appellee as an affirmative defense as provided by Rule 94, Texas Rules of Civil Procedure, it was error for the trial court to deduct $50 on each of the physical loss items.

We have found no case exactly in point, but the holding in Preferred Life Insurance Co. v. Stephenville Hospital et al., Tex.Civ. App., 256 S.W.2d 1006, 1010, seems to come fairly close. In that case, which involved an accident and health policy, the court stated that the insured persons had the burden of establishing their right to recover. They introduced in evidence the policy which by its terms limited their recovery to specific amounts for designated services.

The court held that such limitation was "not an exception to the 'general liability' provided by 'other provisions limiting such general liability' but is inherent in the provisions of the policy which define the maximum liability in the first instance. The limitation was, therefore, a part of and inseparable from the 'general liability' as referred to in Rule 94 * * *."

We think the holding in the Preferred case, is applicable here. The deductible provision is as much a basic part of the policy as the provision which sets the maximum amount of money recoverable under the policy. The effect of one provision is that no amount in excess of the named maximum figure can be recovered. The effect of the other provision is that no amount of loss less than $50 can be recovered.

Appellant himself undertook to allege and prove that the damage was due to certain risks and causes which come within named exceptions to the deductible clause. Appellee filed a general denial. The court held appellant failed to prove his losses came within these exceptions, hence the general deductible provision was applicable. We find no evidence in the record to show whether all the four named items of loss constituted one occurrence or were each separate occurrences. Appellant's first point is overruled.

The policy contains a provision to the effect that appellee will be liable for loss of rental value caused by damage insured against. In his second point appellant says that he should have been awarded a recovery for rental losses.

The owners of the property upon removing to another State, had leased the property to a tenant, who had occupied it for two years, paying $100 per month rent. Following expiration of the lease the property had been vacant for some time. One witness testified that he had inspected the property and found it in good condition. Appellant at the time was seeking to rent

it for $110 per month, $10 more than it had been bringing under the lease.

■ The only physical loss items for which appellant sued were the four items heretofore listed. Yet he testified to many other items of physical damage, some of them of a serious nature, for which he made no claim. For example appellant testified that "the place was a shambles"; the paint was scratched; the wallboard was scuffed; all the sliding doors were down; the light fixtures were broken; the Venetian blinds were broken; the hardware was broken; the linoleum was cut and torn. Appellant himself testified, "The majority of the damages I am not asking for, asking payment for." The evidence is certainly sufficient to support the court's finding that the loss of rentals was not due to the damages for which suit was filed. Appellant's second point is overruled.

■ In his fifth point appellant complains because the court found that his loss of his equity in the property due to the foreclosure of a mortgage was not caused by appellee's failure to pay appellant's claim.

Appellant's fifth point must be overruled for two reasons:

1. Judgment of foreclosure was entered on or about October 1960 on a note and mortgage which was about two years in arrears. The premises had been rented during this two year period for $100 per month. The Sheriff's sale took place in December 1960. Appellant's proof of loss was forwarded to appellee December 1, 1960. Under the terms of the policy appellee's obligation, if the claim were allowed, appellee was to make payment within 60 days from the date of receipt of proof of loss. The foreclosure and Sheriff's sale had taken place before there was any obligation on appellee to pay appellant's claim even if it had been allowed.

■ 2. The claim for loss of equity in the property is for special damages. There was no pleading or evidence that such damages were in the contemplation of the parties at the time the contract was entered into, or that appellee had any knowledge or notice thereof. Under the circumstances appellant is not entitled to recover this item of damages. Cisco & N. E. R. Co. v. Ricks, Tex.Civ.App., 33 S.W.2d 878, 880; 17 Tex. Jur.2d 135.

■ Appellant's eighth point alleges that the court erred as a matter of law in holding that appellant is not entitled to attorney's fees and 12% penalty under Art. 3.62 of our Insurance Code V.A.T.S. The basis of this claim is that appellee is a company authorized to write multiple lines of insurance, including accident insurance. Therefore, according to appellant, it comes within the provisions of the above named Statute, though the policy here under consideration is not an accident policy.

We do not agree with appellant. It is true the Statute provides for attorney's fee and penalties when losses occur and the "* * * *accident insurance company* * * liable therefor shall fail to pay the same within thirty days after demand * * *." (emphasis ours). But in interpreting old Article 4746 which uses the same language as the present Statute, our courts have held it is "the distinctive kind of losses pointed out and enumerated by the statute that is required to be paid promptly, and not every kind of loss against which the company may insure." Aetna Accident & Liability Co. v. White, Tex.Civ.App., 177 S.W. 162, 168. See also Ocean Accident & Guaranty Corporation, Limited, of London, England v. Northern Texas Traction Co., Tex.Civ. App., 224 S.W. 212; Maryland Casualty Co. v. Hopper, Tex.Civ.App., 237 S.W.2d 411, 416; Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910. The policy here is not within any of the categories named in the Statute. Appellant's point is overruled.

In other points appellant complains because (3) the court found that appellee was not negligent in refusing to make payment of appellant's claim, and (4) appellee did

not wilfully disregard appellant's rights under the policy; (6) should have made certain findings and conclusions requested by appellant; and (7) erred in basing its findings and conclusions on no evidence, or improper evidence. We have considered all the above points but find no merit in any of them. They are overruled.

The judgment of the trial court is affirmed.