**AMERICAN INDEMNITY COMPANY,
Appellant,**

**v.**

**R. E. (Bob) GARCIA et ux., Appellees.**

**No. 14431.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 15, 1965.

Rehearing Denied Jan. 12, 1966.

Beckmann, Stanard, Wood & Vance, San Antonio, for appellant.

Carter, Callender & Onion, San Antonio, for appellees.

BARROW, Justice.

American Indemnity Company appeals from a judgment whereby R. E. (Bob) Garcia and wife recovered medical payment benefits under a Family Combination Automobile Policy issued by appellant, together with the statutory penalty and attorney's fees. The material facts were stipulated and the questions asserted on this appeal relate to a construction of the policy.

Appellant issued its policy to appellees on July 31, 1961, effective for one year, whereby appellees insured their 1959 Mercury Station Wagon inter alia for medical payments coverage. On December 4, 1961, appellees purchased a 1962 Chevrolet pick-up and insured this vehicle, through another agent, with a different company. The second policy did not provide for medical payments coverage. On December 16, 1964, appellees were involved in a collision, while occupying the Chevrolet pick-up, as a result of which Mrs. Garcia sustained reasonable and necessary medical expenses in the amount of $1,036.35. A claim was timely

asserted against appellant under its policy to recover for these expenses, and after denial by appellant this suit was filed.

Under the terms of its policy, appellant agreed to pay the reasonable medical expenses up to $2,000: "To or for the insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile."

This coverage was subject to an exclusion which is the basis of appellant's denial of this claim. It provides in part: "This policy does not apply under Part II to bodily injury: * * * (b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, *other than an automobile defined herein as an 'owned automobile,'* * * *." (Emphasis ours.) "Owned automobile" is defined in the policy as: "'owned automobile' means a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile."

There is a blank provided in the policy for setting forth a "Description of owned automobile or trailer," and the Mercury Station Wagon is described therein. Appellant seeks to change the wording of the exclusion from "other than an automobile *defined* herein as an 'owned automobile'," to "other than an automobile *described* herein as an 'owned automobile'."

It is fundamental that the liability of the insurer for medical payments depends upon the construction of the particular language of the policy. 42 A.L.R.2d 983. The rules of construction to be observed in construing an insurance policy are restated in Southwestern Fire & Casualty Ins. Co. v. Atkins, Tex.Civ.App., 346 S.W. 2d 892, no wr. hist. In our case, under the plain and unambiguous language of the policy, appellant agreed to pay the reasonable and necessary medical expenses incurred by appellees as a result of bodily injuries while occupying an automobile owned by them. There is no basis for construing this language to exclude this coverage.

Both parties cite Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430 (1961), although neither party asserts that it is in point. In *Hale*, endorsements were attached to the policy which excluded all coverage for a second vehicle subsequently acquired by the insured, except for medical benefits for bodily injury resulting from the insured or a relative "being struck by an automobile." The question there presented was whether insured could recover for bodily injury sustained "while occupying" the second car under the provisions of the medical payments coverage in the original policy, which covered bodily injury sustained while occupying or being struck by an owned automobile. In our case there was no endorsement to limit the definition of "owned automobile" as contained in the policy to that of the owned automobile described in the policy.

Appellant asserts that by securing the second policy of insurance from another company appellees elected not to be covered by appellant's policy. It can be fairly and reasonably inferred that appellees did not take out medical benefits coverage with the second company because of the coverage provided in appellant's policy for bodily injuries sustained while occupying an automobile "owned by them."

We therefore hold that the trial court properly entered judgment for the stipulated amount of appellees' medical expenses.

Appellant asserts that, in any event, it should not be liable for penalty and attorney's fees under Art. 3.62, Insurance Code, Vernon's Ann.Tex.Stats., since it is not a life insurance company, nor accident insur-

**148**

ance company, nor a life and accident, health and accident, nor life, health and accident insurance company. In Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910 (1960), the Court held that this statute has application only to these type policies. The Supreme Court cited with approval Maryland Casualty Co. v. Hopper, Tex.Civ.App., 237 S.W.2d 411. In *Hopper* the Court said that the penalty statute has reference to the distinctive kind of losses that are required to be paid promptly as distinguished from the type of company that issued the policy. In Evans v. Pacific National Fire Ins. Co., Tex.Civ.App., 367 S.W.2d 85, wr. ref. n.r.e., the rule was stated: "it is 'the distinctive kind of losses pointed out and enumerated by the statute that is required to be paid promptly, and not every kind of loss against which the company may insure.'"

It has been generally held that medical payment clauses constitute separate accident insurance coverage. See Appleman, Insurance Law & Practice, § 4896; Johnson v. New Jersey Manufacturers Ind. Ins. Co., 69 N.J.Super. 184, 174 A.2d 4; Sims v. Nat. Cas. Co., La.Ct. of App., 43 So.2d 26. In the latter case a penalty was imposed for wrongful denial of a claim asserted for medical payments coverage under a statute very similar to Art. 3.62, supra. It is our opinion that a claim for medical benefits is a claim in the nature of an accident or health and accident claim within the meaning of this statute.

The Texas statute provides penalty for wrongful failure to pay this type claim. Pan American Fire & Cas. Co. v. Trammell, Tex.Civ.App., 322 S.W.2d 13, wr. ref. n.r.e., 159 Tex. 627, 325 S.W.2d 383. Here the claim was wrongfully denied by appellant. The parties stipulated that $300.00 was a reasonable attorney's fee. The trial court did not err in entering judgment for the statutory penalty and reasonable attorney's fee.

The judgment is affirmed.