INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Appellant,

v.

J. E. HELM, Appellee.

No. 441.

Court of Civil Appeals of Texas.

Tyler.

Nov. 20, 1969.

———◆———

Bryan & Amidei, A. J. Bryan, Fort Worth, for appellant.

Huff & Bowers, Mike Thompson, Lubbock, for appellee.

McKAY, Justice.

This is a suit on an insurance policy. Appellant issued a medical and hospital policy to appellee which provided on page 1:

"(The Company) HEREBY INSURES J. E. HELM (herein called the Insured and all other dependent members of the Insured's Family, if any, named in the application (copy of which is attached hereto) all of whom are hereinafter called the Family Group) against loss resulting from Accidental Bodily Injury or Sickness to the extent herein provided, subject to the exclusions, limitations, provisions and reductions hereinafter set forth.

" 'Accidental Bodily Injury' wherever used in this Policy means bodily injury caused by an accident occurring while this Policy is in force, and resulting directly and independently of all other causes in loss covered by this Policy."

In "Part III MEDICAL AND HOSPITAL BENEFITS," the policy provides:

"The Company will pay indemnities for the usual and customary expenses actually and necessarily incurred only while a person insured hereunder is confined as a bed patient to a Legally Constituted Hospital while this Policy is in force as a result of Accidental Bodily Injury or Sickness, in accordance with the terms, provisions, exclusions, limitations and reductions contained in this Policy.

"The term 'Legally Constituted Hospital' wherever used in this Policy means an institution licensed by law which has its own laboratory, X-ray equipment and an operating room where major surgical operations may be performed, and which maintains permanent and full-time facilities for the care of overnight resident patients under the supervision at all times of a licensed Doctor of Medicine (M.D.) or Osteopathy (D.O.) and a Graduate Registered Nurse, and which maintains complete and permanent records on the history of each patient. The term 'Legally Constituted Hospital' does not include institutions operated primarily or principally as rest homes, convalescent homes, clinics, maternity homes, nursing homes or homes for the care of the aged, regardless of the professional status of persons supervising them and regardless of whether or not such institution is licensed by the state or county in which it is located."

There was also a provision that appellant would pay expenses authorized by a legally qualified Doctor of Medicine (M.D.) or Osteopathy (D.O.) for hospital board and room, drugs and medicine, operating room and anesthetic charges, customary

charges and doctor's services, including surgical procedures.[1]

While the policy was in force, appellee was in an automobile accident near Midland, from which he received injuries resulting in his being hospitalized in Midland Memorial Hospital from February 21, 1967 to March 14, 1967. Proof of loss was made twice but the record does not show the dates this was done. On October 11, 1967, formal demand was made on appellant for payment. Suit was filed on November 27, 1967, for hospital and doctor's bills and for attorney's fees as well as penalty and interest and cost of suit.

Trial was had before a jury with only one issue submitted and answered, but such issue is not involved in this appeal. The trial court rendered judgment for appellee for medical and hospital bills and 12% penalty and attorney's fees.

Appellant's first point is that attorney's fees and penalty are not applicable here because it was a Stipulated Premium Insurance Company and Article 3.62, Insurance Code, V.A.T.S.[2] would not apply to such a Company until after August 28, 1967, the effective date of an amendment to Article 22.18, Insurance Code, V.A.T.S.[3] The policy, offered as an exhibit, has printed on the first page immediately following name of the Company, "(A Stipulated Premium Company)." There is no contention appellant is not such, and therefore organized and operating under Chapter 22, Insurance Code, V.A.T.S.

Article 22.01, Sec. 2, Insurance Code, V.A.T.S. reads as follows:

"Every stipulated premium [insurance] company incorporated or transacting business in this state shall be subject to the provisions of this Chapter 22 unless otherwise expressly provided by this Code and *no other insurance law of this state shall apply to any corporation chartered under this Chapter and no law hereafter enacted shall apply to stipulated premium companies unless they be expressly designated therein.* * * *" (Emphasis supplied.)

The penalty statute, Article 3.62, supra, would not apply to stipulated premium in-

1. "The Company will pay expenses authorized by a legally qualified Doctor of Medicine (M.D.) or Osteopathy (D.O.), for hospital board and room and other miscellaneous hospital expenses, including drugs and medicines and the use of X-ray equipment for diagnosis or treatment; operating room and anesthetic charges; the regular amount of customary charges for the services of Doctors of Medicine (M.D.) or Osteopathy (D.O.) including charges for surgical procedures; and the services of professional nurses, other than members of the family of the Insured, who are Registered Nurses not employed by the Legally Constituted Hospital in which the Insured is confined, provided such nursing services are authorized and directed by a licensed Doctor of Medicine (M.D.) or Osteopathy (D.O.)."

2. "In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor, shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) percent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fees shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy. Acts 1951, 52nd Leg. Ch. 491."

3. "Section 1. The following Articles of this CODE, to wit: Article 1.14, Article 1.15, Article 1.16, Article 1.19, Article 1.24, Article 3.13, Article 3.39, Article 3.40, Article 3.61, *Article 3.62* (emphasis supplied), Article 3.63, Article 3.67, Article 21.21, Article 21.25, Article 21.26, Article 21.28, Article 21.32, Article 21.39, Article 21.45, and Article 21.47, shall apply to and govern stipulated premium companies and each company shall comply with the provisions thereof. Sec. 1 amended by Acts 1967, 60th Leg., p. 816, ch. 343, § 1, *eff. Aug. 28, 1967* (emphasis supplied)."

surance companies under the above quoted article unless and until the Insurance Code was amended to expressly include them. They were not expressly included under Article 3.62, supra, until August 28, 1967, the effective date of amendment to Article 22.18, supra.

Unless a certain type insurance company is exempt from the effect of the penalty statute, the penalty provisions apply to certain distinctive kinds of policies as distinguished from the type of company which issued the policy. Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910 (1960); Evans v. Pacific National Fire Ins. Co. (Tex.Civ.App.), 367 S.W.2d 85, wr. ref., n. r. e.; American Indemnity Co. v. Garcia (Tex.Civ.App.), 398 S.W.2d 146, wr. ref., n. r. e. Article 22.01, Sec. 2, supra, exempted stipulated premium insurance companies from the effects of Art. 3.62, supra, and at the time the loss occurred and the claim arose in this case, that is, before August 28, 1967, the penalty provision did not apply. Appellant's first point is sustained. Drinkard v. Group Hospital Service, Inc., et al, (Tex.Civ.App.) 366 S.W.2d 637, wr. ref., n. r. e.; National Security Life & Casualty Co. of Dallas v. Gooch (Tex.Civ.App.), 289 S.W.2d 336, n. w. h.

Appellant's points 2 through 6 complain that the trial court erred in overruling its motion for instructed verdict because appellee failed to allege and prove a cause of action within the terms, provisions, reductions and exclusions of the policy.

The hospital records in evidence show appellee was under the care of two doctors; that they directed, authorized and supervised his care and treatment while in the hospital; that the services, materials, medicines and surgical procedures furnished and performed established the fact that Midland Memorial Hospital was a "Legally Constituted Hospital" as defined in the policy.

The policy insured against accidental injury in general, and appellant plead no affirmative defense. Rule 94, T.R.C.P. Appellee plead and proved an accidental injury which caused the medical and hospital expenses sued for. The cases cited by appellant may be distinguished in that the plaintiffs there failed to plead or failed to prove a loss as plainly set out and covered by the policy or to show any causal connection between the accident and the injuries complained of. While it may have been desirable for appellee's pleadings to have been more specific, we hold them to be sufficient, and likewise, the evidence to be sufficient. These points are overruled.

The judgment is reversed and judgment is hereby rendered denying the penalty and attorney's fee, but the trial court's judgment is otherwise affirmed.

Reversed and rendered in part, and affirmed in part.