### R. E. CONNOR v. F. M. SEWELL.

Decided December 10, 1896.

**1. Exemplary Damages—Pleading.**

To authorize a judgment for punitory damages, the case must contain some element of fraud, malice, or oppression: the act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent or must be the result of such gross negligence,—such disregard of another's right,—as is deemed equivalent to such intent; and where the bad intent is not a necessary inference from the acts charged, it must be alleged. It will not be implied from a mere trespass, though alleged to be "forcible and unlawful;" as by excluding plaintiff from a printing office, alleged to be owned by him and defendant as partners. (P. 275.)

**2. Jurisdiction of Supreme Court.**

Where a petition for wrongfully ousting plaintiff from a printing office held in partnership with defendant claimed recovery of $575 for plaintiff's services, and $1000 as exemplary damages, but contained no allegations authorizing the recovery of the latter, the suit was within the jurisdiction of the County Court, and writ of error did not lie from a final judgment in the Court of Civil Appeals. (P. 276.)

APPLICATION for writ of error to the Court of Civil Appeals in an appeal from Morris County.

*J. M. Moore,* for plaintiff in error.

GAINES, CHIEF JUSTICE.—This suit was brought by F. M. Sewell in the District Court, alleging, in substance, that he and Connor entered into a contract to carry on a newspaper, in which it was agreed that the latter was to furnish the capital; that he was to furnish his skill and labor in promoting the enterprise, and that the profits were to be equally divided between them. He also alleged, in effect, that after the business had been established and carried on for about five months and twenty-one days the defendant forcibly and unlawfully entered upon and took possession of the office and property of the firm, and excluded him from the possession, and that thereby he was caused great humiliation and mental distress. He averred, further, that during the time he was engaged in carrying on the business his services were of the value of $100 per month, amounting to $575, and he claimed that sum as actual, and the further sum of $1000 as exemplary, damages.

Without the claim for exemplary damages it is clear that this court would be without jurisdiction to grant the writ of error in this case; and this presents the question, does the petition allege facts which would justify a judgment for such a recovery? To authorize a judgment for punitory damages, the case must contain some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent or must be the result of such gross negligence—such disregard of another's right—as is deemed equivalent to such intent; and where the bad intent is not a necessary inference from the act charged, it must be alleged. The trespass in this case is alleged to be forcible and unlawful—but that may be

technically said of most trespasses. The circumstances which are averred to have accompanied the ouster may be some evidence of malice, but are not such that malice must be necessarily inferred from them. We therefore conclude that the averments in the petition do not authorize a recovery of exemplary damages.

It results that, so far as the question of jurisdiction is concerned, the case is the same as if the plaintiff had declared upon a promissory note for $575, and had claimed a recovery not only of his debt but also exemplary damages for the unlawful refusal to pay it. It is clear that in such a case the question of jurisdiction would be determined by the principal of the debt. In this case it is fixed by actual damages claimed, and the suit might, under the Constitution, have been brought in the County Court. Over such cases, as a general rule, the judgment of the Court of Civil Appeals is final. (Rev. Stats., art. 996.) The case does not come within either of the exceptions to the rule prescribed by the statute, and therefore we are without power to revise the rulings of the Appellate Court.

The application is, therefore, dismissed for the want of jurisdiction.

*Application dismissed.*