GIBSON v. ST. ANTHONY HOTEL. (No. 5900.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1917.)

1. DAMAGES ⊙⟳89(2)—EXEMPLARY DAMAGES—BREACH OF CONTRACT—SUFFICIENCY OF PETITION.

Where no facts were alleged showing that the breach of contract was committed in a manner that amounted to a tort, the petition stated no cause of action for exemplary damages.

2. COURTS ⊙⟳247(11)—COUNTY COURT—FINAL JURISDICTION—AMOUNT IN CONTROVERSY.

Where the justice court judgment was for less than $100, and plaintiff's amended petition claiming a larger sum on appeal to county

court was insufficient to state a cause of action, the jurisdiction of the county court is final, and an appeal to the Court of Civil Appeals will be dismissed.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Homer Gibson against the St. Anthony Hotel. From a judgment of the justice's court for plaintiff, an appeal was taken to the county court, and from the judgment there rendered plaintiff brings error. Writ of error dismissed for want of jurisdiction.

A. L. Hatchett, of San Antonio, for plaintiff in error. Boyle, Storey, Ezell & Grover, of San Antonio, for defendant in error.

MOURSUND, J. Homer Gibson obtained a judgment against the St. Anthony Hotel in justice's court for $20.85, and an appeal was taken to the county court. The suit was for wages alleged to be due plaintiff for services rendered.

[1, 2] In the county court plaintiff by amendment sought to recover exemplary damages, alleging that defendant's failure to pay the debt due plaintiff was willful and malicious, and that therefore he was entitled to recover damages in a sum equal to five months' wages at the agreed price, which sum is $97.50. No facts were alleged showing that the manner in which the breach of contract was committed amounted to a tort. It is clear that the petition stated no cause of action for exemplary damages. Hooks v. Fitzenrieter, 76 Tex. 277, 13 S. W. 230; Peterson v. Thomas, 24 S. W. 1124; S. W. Tel. Co. v. Luckett, 60 Tex. Civ. App. 117, 127 S. W. 856. This being true, the amount in controversy was less than $100, and the jurisdiction of the county court final. The writ of error must therefore be dismissed. Wells Fargo & Co. v. Burford, 59 Tex. Civ. App. 645, 126 S. W. 927; Connor v. Sewell, 90 Tex. 275, 38 S. W. 35; W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.

Writ of error dismissed for want of jurisdiction.