## PANHANDLE & S. F. RY. CO. v. BIRDWELL.

### No. 2647.

Court of Civil Appeals of Texas. El Paso. March 17, 1932.

Rehearing Denied April 7, 1932.

Madden, Adkins, Pipkin & Keffer, of Amarillo, and Wilson, Randal & Kilpatrick, of Lubbock, for appellant.

N. R. Morgan, of Lamesa, for appellee.

HIGGINS, J.

In his petition the plaintiff below, and appellee here, set up that he shipped 44 cows from Seagraves, Tex., to St. Joseph, Mo., over the lines of appellant and its connecting carriers, and, by reason of failure on the part of the carriers to unload, feed, water, and rest the cattle en route, as agreed, three head died of the value of $91.35, for which sum he sued. He alleged refusal to pay, "and plaintiff has been forced to employ an attorney to bring his suit herein." The prayer was "that upon a hearing plaintiff have judgment for his debt and damages and for costs of suit including a reasonable attorney's fee, and for relief general and special to which in law he may deserve."

On July 28, 1931, plaintiff recovered judgment for $91, with interest from that date "and all costs of suit, including $25.00 attorney's fees."

The record discloses that on August 5, 1931, the court, upon motion of appellee, entered a remittitur of the $25 allowed as an attorney fee. On August 6th appellant filed its appeal bond.

Appellee moves to dismiss for want of jurisdiction.

In view of the remittitur, the jurisdiction of this court can be sustained only upon the theory the amount in controversy exceeds $100, exclusive of interest. Interest, as damages, was not sought to be recovered, and the only question to be considered is whether the attorney's fee prayed for in the petition can be considered as in controversy so as to make this amount exceed $100.

In cases of the present nature, article 2226, R. S., authorizes the recovery of a reasonable attorney's fee, not to exceed $20, upon showing certain facts stated in the article. The petition wholly fails to state facts which would authorize the allowance of an attorney's fee in this case. The petition shows a cause of action for $91.35, and no more. Therefore, the claim for the attorney's fee cannot be considered as part of the matter in controversy so as to confer upon this court jurisdiction of the appeal. Wells Fargo & Co. v. Burford, 59 Tex. Civ. App. 645, 126 S. W. 927; Dunn v. Wilkerson (Tex. Civ. App.) 203 S. W. 59; Carswell v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597; Connor v. Sewell, 90 Tex. 275, 38 S. W. 35; Gibson v. St. Anthony Hotel (Tex. Civ. App.) 198 S. W. 412; Martin v. Jeffries (Tex. Civ. App.) 153 S. W. 658.

The appeal is dismissed.