### JAQUES v. SIMMS.

No. 9393.

Court of Civil Appeals of Texas. Austin.

May 12, 1943.

Rehearing Denied June 2, 1943.

Cofer & Cofer, of Austin, for appellant.

Hornsby, Hornsby & Kirk, of Austin, for appellee.

McCLENDON, Chief Justice.

This suit was filed in the justice court, appealed to the county court, and thence to this court. We have reached the conclusion that this court is without jurisdiction of the appeal, since neither the judgment appealed from nor the amount in controversy exceeds $100, exclusive of interest and costs. R.C.S. Arts. 1819–1822, Vernon's Ann.Civ.St. Arts. 1819–1822.

Plaintiff brought his suit in the justice court upon a written petition alleging damages in the sum of $100 by reason of injury to a Neon sign caused October 6, 1940, by negligent operation of a truck. There was no prayer for interest but only for the $100 damage "with costs of suit and reasonable attorney's fees." The judgment of the justice court was for $60 "with interest thereon at the rate of 6% per annum, together with costs." This judgment was dated August 4, 1941. The record on appeal was filed in the county court August 19, 1941, just twelve days before the new rules (Texas Rules of Civil Procedure) became effective, which was the same day (Monday, September 1, 1941) on which the next term of the county court convened (see H.B. 596, Ch. 136, Gen. Laws 1941, 47th Leg. p. 188, Vernon's Ann.Civ.St. art. 1970—324). The case was tried in the county court November 12, 1942, at which time judgment was rendered for Simms against Jaques and his sureties on his appeal bond for $60, "with interest thereon at the rate of 6% per annum from August 4, A. D. 1941, the date judgment was rendered in favor of Plaintiff, for said amount by" the justice of the

peace, and all costs of both courts. The judgment shows that neither Jaques nor his attorney appeared at the trial, though due notice had been given of the setting.

■ The record shows no basis whatever for an attorney's fee, and that item cannot be considered in estimating the amount in controversy. Connor v. Sewell, 90 Tex. 275, 38 S.W. 35; Western Union Tel. Co. v. Arnold, 97 Tex. 365, 79 S.W. 8; Franklin L. Insurance Co. v. Blackwell, Tex.Civ. App., 87 S.W. 361; Panhandle & S. F. Ry. Co. v. Birdwell, Tex.Civ.App., 47 S.W.2d 878; City of Canadian v. Guthrie, Tex. Civ.App., 87 S.W.2d 316. This point is conceded.

■ Appellant contends, however, that there was an oral pleading in the justice court for interest in addition to the $100 damages, which would raise the amount in controversy, since such interest would be allowable only as a part of the damages. The proposition is correct if the record supported the claim of such oral pleading, which we hold it does not. This claim is predicated upon the following showing: In his petition Simms expressly "reserved the right to plead further orally." He probably had this right independently of the "reservation," otherwise the "reservation" would not confer it. The transcript of the docket entries in the justice court, as copied in the transcript in this court, shows the following (italicizing ours):

"*Suit upon* Damage *for $* 100.00 *dated* x *day of* x *19* x, Interest x *%$* x ; *Attorney Fees* 10 *% $* x; *Total $*     ."

It is quite manifest that these docket entries were merely the filled in blanks in the printed docket page, made by the justice at the time the suit was filed. There is no intimation that there was any oral pleading by Simms in the justice court. We have examined the original transcript from the justice court and find that the printed portions of the docket consisted of the italicized portions above, and that none of the blanks had been filled except the following, "Damage" after "Suit upon," "100.00" after "for $", and "10" after "Attorney Fees." The letter X appearing in the transcript in this court was evidently inserted by the clerk to indicate a blank space, as only blank spaces and no X's appear in the original. We cannot construe the record as showing any oral pleading by Simms in the justice court.

Moreover, Rule 589, T.R.C.P., provides with reference to cases appealed from the justice court: "After the transcript of the proceedings in the justice court, together with the original papers and bill of costs, have been filed in the county (or district) court, all pleadings in the cause which are not already written shall be reduced to writing."

■ As shown this rule became effective on the first day of the term of the county court next after the filing of the record in that court, and over fourteen months before the case was tried. Rule 814, T.R.C. P., provides that these rules shall apply to "all further proceedings in actions then (September 1, 1941) pending." Clearly in order to support a claim of interest in addition to the $100 alleged damages, it would have been requisite to amend the pleadings in the county court.

■ Appellant contends further that since the county court rendered judgment for interest from the date of judgment in the justice court, the pleadings were automatically amended under Rule 67, T.R.C.P., so as to include interest. We do not think this rule has application to a case tried ex parte. The rule expressly relates to issues not raised by the pleadings which "are tried by express or implied consent of the parties." Clearly there could be no consent, either express or implied, of a party who was not present at the trial.

■ But it was not necessary to amend the petition in order to recover the interest embodied in the judgment; because the petition contained a prayer for general relief and the entire judgment including the interest was within the total amount of the damages claimed. See Humble Oil & Refining Co. v. State, Tex.Civ.App., 162 S. W.2d 119, at page 137, error refused; 13 Tex.Jur., p. 333, § 186.

■ Aside from this, an automatic amendment of the petition, "to conform to the evidence," would still further reduce the amount in suit because the uncontradicted evidence showed that plaintiff was only entitled to $60 damages, and the addition of interest on that amount even from October 6, 1940, would fall far short of the jurisdictional amount.

The appeal is dismissed.

Appeal dismissed.