D. C. BYBEE v. FIREMAN'S FUND INSURANCE COMPANY.

No. A-7353. Decided January 20, 1960.
Rehearing Overruled March 2, 1960.
(331 S.W. 2d Series 910)

*Mark Callaway,* of Brownwood, for petitioner.

*Ben D. Sudderth,* of Comanche, and *Jackson C. Burroughs,* of Dallas, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

We have concluded that the writ of error in this case was improvidently granted.

The opinion of the Court of Civil Appeals is reported under the name and style of Fireman's Fund Insurance Company v. D. C. Bybee in 322 S.W. 2d 657. We refer to that opinion for a full statement of the case and shall confine ourselves to such factual statements from the record as will make clear the jurisdictional points upon which this opinion is based.

In his application for the writ, Bybee, as petitioner, relied

upon subdivisions 2 and 6 of Article 1728, Vernon's Ann. Texas Stats, and asserted that this is not a case in which the jurisdiction of the Court of Civil Appeals is made final by statute.

1 Recovery was sought upon a policy issued by respondent, Fireman's Fund Insurance Company, which insured petitioner against hail damage to a peach crop. The policy provided that if it should be determined that a claim asserted by the insured was unfounded and that no liability existed under the provisions of the policy, the insured would reimburse the insurer for all investigation expenses. The insurance company brought suit under this clause of the policy and recovered judgment in a Dallas County justice court which recited and found that the respondent "did not suffer any hail damage to his peach crop during any time the insurance policy was in full force and effect." This judgment was plead in bar of the present suit. Such defense was overruled by the trial court but sustained by the Court of Civil Appeals.

It is our opinion that under the applicable authorities, no conflict of decisions within the meaning of Article 1728, Sec. 2 is shown. Garitty v. Rainey, 112 Texas 369, 247 S.W. 825; Dockum v. Mercury Insurance Co., 134 Texas 437, 135 S.W. 2d 700; State v. Wynn, 157 Texas 200, 301 S.W. 2d 76. Under the grounds of jurisdiction set forth in the application no allegedly conflicting cases are cited.[1] However, in the arguments contained in his brief, the petitioner cites and relies upon Dixon v. Watson, 52 Texas Civ. App. 412, 115 S.W. 100, wr. dism., as supporting their contention that the judgment of the justice court is not conclusive of the issue as to whether or not the petitioner suffered hail damage to his peach crop.

The distinction between Dixon v. Watson and the present case lies in the circumstances that in *Dixon* the issue relied upon as the basis of an estoppel by judgment was not squarely decided in the first suit, whereas in the present case such issue was directly presented and passed upon.

In Dixon v. Watson, it appeared that Watson had leased certain lands to Dixon. Watson thereafter sued Dixon in the county court upon an account for supplies and advances made by Watson to Dixon to enable the latter to make a crop, plus $140.00 due for rent on corn land. The total account was for $1,228.55, but Watson admitted a credit of $616.85 for hay delivered to him by Dixon. Dixon asserted that the case was one beyond the juris-

1.—In this connection, see Calvert, Vernon's Ann. Texas Rules, Part III, p. 406.

diction of the county court, but this contention was overruled and judgment was rendered in Watson's favor for $657.51.

Thereafter Dixon sued Watson for damages allegedly accruing to him by reason of Watson's breach of a provision in the lease contract under which Watson had obligated himself to purchase from Dixon certain hay grown upon the premises at specified prices. As a defense to this action, Watson pleaded that the judgment which he had recovered in the county court barred Dixon's action in the district court under the doctrine of res judicata.

This contention was sustained by the trial court but overruled by the Court of Civil Appeals. The latter court held that Dixon was not required to assert his claim for damages by reason of Watson's breach of the hay purchase agreement by way of reconvention in Watson's county court suit based upon advances made to Dixon, particularly in view of the fact that Dixon's breach of contract suit was for an amount in excess of the county court's jurisdiction. The Court then pointed out that no part of Dixon's cause of action for breach of the hay purchase agreement "was in fact asserted or adjudicated in the county court, but the jury were expressly directed that they could not consider the same or any part thereof."

In the present case the Court of Civil Appeals held that the issue of whether or not petitioner's peach crop has sustained hail damage had been determined by the justice court. The opinion stated that:

"A controlling fact issue in the District Court was whether Bybee [the petitioner] sustained damages to his peach crop. The same issue was also a controlling issue in the Dallas County Justice Court case and was, by the judgment of that court, determined unfavorably to Bybee." [322 S.W. 2d 658].

**2** Article 1728, Sec. 6 is likewise unavailing as a basis of Supreme Court jurisdiction in this case. Expressly excluded from the operative provisions of said section 6 are "those cases in which the jurisdiction of the Court of Civil Appeals is made final by statute." Article 1821 provides that judgments of the Court of Civil Appeals shall be conclusive on the law and the facts in "any civil case appealed from the County Court or from a District Court, when, under the Constitution a County Court would have had original or appellate jurisdiction to try it, ex-

cept in probate matters, and in cases involving the Revenue Laws of the State or validity or construction of a statute."

None of the exceptions to final jurisdiction in the Court of Civil Appeals above mentioned are applicable to this case and, as heretofore pointed out, a conflict of decisions has not been shown. Although the present case was actually tried in the district court, the pertinent inquiry is whether the cause was a civil case over which the county court would have had jurisdiction under the Constitution. Article 5, Sec. 16, Texas Constitution.

The petition alleged a cause of action based upon hail damage to a peach crop. It was alleged that the amount of insurance provided by the policy was $600.00. The only reference made in the petition to other sums was in the prayer wherein petitioner prayed that "he have judgment for his damages, together with a 12% penalty for failure to pay said loss, and for a reasonable attorney's fee in the sum of at least Four Hundred Dollars ($400.00) in accordance with provisions of the Statutes of Texas in such cases made and provided * * * ."

The judgment of the District Court was for $600.00, the amount of the policy, plus interest. Such interest, however, if considered as damages for the retention of money, Schulz v. Tessman, 92 Texas 488, 49 S.W. 1031, was insufficient to raise the amount of recovery above $1,000.00. The trial judge evidently failed to find statutory provision for the penalty and attorney's fees mentioned in the prayer.

We find ourselves in like position. When jurisdiction is dependent upon the amount in controversy, a mere unfounded claim to a penalty or attorney's fees will not serve to place the case within the exclusive jurisdiction of the district court. It may be that by the general reference to "the provisions of the Statutes of Texas," the pleader intended to invoke the provisions of Article 3.62, Vernon's Texas Insurance Code.[2] However, this article has application only to life; accident; life and accident;

2.—In all cases where a loss occurs and the life insurance company or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor, shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy.

health and accident, or life, health and accident policies. Maryland Casualty Co. v. Hopper, Texas Civ. App., 237 S.W. 2d 411, no writ history, 24B Texas Jur., 735, Insurance 3373.

It seems equally plain that a suit upon a hail damage insurance policy is not comprehended by Article 2226, Vernon's Ann. Texas Stats.[3] No other statute that could possibly afford a basis for a statutory penalty or the recovery of attorney's fees in this case has been cited and we know of none.

Although the claims for penalty and attorney's fees were ill founded, they were nevertheless asserted and no exception was levelled against them in the District Court. While there is no qustion of the District Court's jurisdiction of the cause, it is nevertheless pertinent to an inquiry into this Court's jurisdiction to ascertain from an examination of the decided cases the position and importance of an exception in cases of this character. In other words, is the absence of an exception a controlling factor in the jurisdictional problem?

In the case of Connor v. Sewell (1896) 90 Texas 275, 38 S.W. 35, it appeared that the District Court had sustained a general demurrer to plaintiff's petition. The Court of Civil Appeals reversed and held that a cause of action had been stated. 23 S.W. 555. This Court dismissed the application for writ of error for want of jurisdiction because the petition would not support a recovery of exemplary damages and the amount of actual damages prayed for amounted to only $575.00. The distinction between the claim for actual damages on one hand and exemplary damages on the other was raised for the first time by this Court when it was called upon to determine its jurisdiction of the application for writ of error. Chief Justice Gaines stated in the opinion that:

·"We therefore conclude that the averments in the petition do not authorize a recovery of exemplary damages. It results that, so far as the question of jurisdiction is concerned, the case is the same as if the plaintiff had declared upon a promissory note for $575, and had claimed a recovery not only of his debt,

3.—Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney.

but also exemplary damages for the unlawful refusal to pay it. It is clear that in such a case the question of jurisdiction would be determined by the principal of the debt. In this case it is fixed by actual damages claimed, and the suit might, under the constitution, have been brought in the county court. Over such cases, as a general rule, the judgment of the court of civil appeals is final. Rev. St. art. 996. The case does not come within either of the exceptions to the rule prescribed by the statute, and therefore we are without power to revise the rulings of the appellate court. The application is, therefore, dismissed for want of jurisdiction."

In the leading case of Western Union Telegraph Company v. Arnold, (1903), 33 Texas Civ. App. 306, 77 S.W. 249, relating to the jurisdiction of trial courts. Chief Justice Fisher, writing for the majority of the Austin Court of Civil Appeals, held that when a claim against the Western Union Telegraph Company for nondelivery of a telegram was reduced by demurrer to twenty-five cents, the charge made for the transmission of the telegram, the District Court was without jurisdiction to render judgment for the twenty-five cents but should dismiss the case. The majority opinion made the following statement citing a number of authorities including Connor v. Sewell, supra:

"In effect, it is held in the following cases that, where the plaintiff's demand is reduced by demurrer to a sum less than the amount of which the court would have jurisdiction, the court is without authority to proceed further, and the case should be dismissed."

It was also said that:

"Mere averment or assertion of a claim or demand will not create a cause of action which the court can adjudicate, when neither law nor equity recognizes that the facts upon which the claim or demand is based furnish the basis for any relief. This principle is well illustrated in the case of Connor v. Sewell, 90 Texas 275, 38 S.W. 35."

Mr. Justice Key filed an able and well reasoned dissent in which he contended that a court necessarily must have jurisdiction to determine whether or not a claim was ill founded and if the amount of the claim asserted was sufficient to invoke the jurisdiction of the court, such court, in the absence of a plea in abatement charging that allegations were fraudulently made, would have to act upon the claim and would logically possess

the authority to reject the invalid portion and render judgment on the valid portion regardless of the amount thereof.[4]

This Court affirmed the majority of the Court of Civil Appeals and upon authority of Ablowich v. Bank, 95 Texas 429, 67 S.W. 79, 881, recognized a distinction between a lack of pleading to support a basis of recovery and the failure of a party to make factual proof thereof. See, Western Union Telegraph Co. v. Arnold, 97 Texas 365, 79 S.W. 8.

In C. B. Carswell & Co. v. Habberzettle (1905), 99 Texas 1, 86 S.W. 738, a case which involved exceptions, this Court, speaking through Chief Justice Gaines, broadly stated the rule as follows:

"It is now the settled law in this court that, although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet, if the facts alleged be such as show no cause of action as to such part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed."

This quotation is made the basis of the statement of a rule of general application which is set forth in American Jurisprudence. See, 14 Am. Jur. 408, Courts, Sec. 210.

In the opinion mentioned, the case of Western Union Telegraph Company v. Arnold, 97 Texas 365, 78 S.W. 8 was cited. There is some language used in the Arnold case which could be construed as placing some importance upon the sustaining of an exception. However, as applied to the question of the jurisdiction of appellate courts, this view has not been accepted. In Moore v. Snell, 88 S.W. 270, no writ history, decided by the Austin Court two years after its decision in the Arnold case (77 S.W. 279), it was specifically pointed out that although the record failed to show that the court made rulings upon demurrers or exceptions, the petition showed upon its face that no cause of action within the jurisdiction of the district court was stated although the amount claimed was in excess of $500.00. It is of interest to note that Mr. Justice Key was the author of this

4.—Mr. McDonald in his treatise on Texas Civil Practice in District and County Courts makes this comment which is pertinent to the conflicting views expressed in the opinion in Western Union Telegraph Co. v. Arnold:

"[The courts] could reach an opposite result by holding that the trial court, having obtained jurisdiction to pass on the sufficiency of the pleadings, should retain jurisdiction to render a final judgment on the merits. As a matter of policy, the courts have declined to take this course." 2 McDonald 546, Section 6.09.

opinion. This case is perhaps illustrative of the distinction between the jurisdiction of the district court and that of the appellate court. The district court had no jurisdiction of the case but nevertheless erroneously rendered judgment for $883.55, an amount within the jurisdiction of a district court. The Court of Civil Appeals had jurisdiction of the appeal for the purpose of determining the district court's jurisdiction. Upon determining that the lower court was without jurisdiction, the judgment rendered was reversed and the cause remanded for dismissal. In this connection, see McCauley v. Consolidated Underwriters, 157 Texas 475, 304 S.W. 2d 265.

The Courts of Civil Appeals in construing Article 1819 and its predecessor articles which limit the jurisdiction of such courts to civil cases in which "the amount in controversy or the judgment rendered shall exceed One Hundred Dollars ($100) exclusive of interest and costs" have never given controlling effect to the sustaining of a special exception.

In Wells Fargo Co. v. Burford, 59 Texas Civ. App. 645, 126 S.W. 927, no writ history, the express company's plea in reconvention stated a claim for $117.78. However, $45.00 of this amount was alleged to be for attorney's fees and travelling expenses. It does not appear that an exception to these items was sustained, but the Court of Civil Appeals dismissed the attempted appeal and in the opinion stated that:

"Where it appears on the face of the pleadings that a portion of the items sued for could form no proper basis for suit, they should not be considered in determining the amount in controversy. Franklin Ins. Co. v. Blackwell, 87 S.W. 361; W. U. Tel. Co. v. Arnold, 97 Texas 365, 77 S.W. 249, 79 S.W. 8; Moore v. Snell, 88 S.W. 270; Connor v. Sewell, 90 Texas 275, 38 S.W. 35; C. B. Carswell & Co. v. Habberzettle, 99 Texas 1, 86 S.W. 738, 122 Am. St. Rep. 597; T. & P. Ry. Co. v. Butler, 86 S.W. 800; St Louis S. W. Ry. Co. v. Hill, 97 Texas 506, 80 S.W. 368."

In Jaques v. Simms, Texas Civ. App., (1943) 171 S.W. 2d 924 the plaintiff had to rely upon a claim for attorney's fees to make up the jurisdictional amount required by Article 1819. The Court of Civil Appeals dismissed the attempted appeal, saying that:

"The record shows no basis whatever for an attorney's fee, and that item cannot be considered in estimating the amount in controversy. Connor v. Sewell, 90 Texas 275, 38 S.W. 35;

Western Union Tel. Co. v. Arnold, 97 Texas 365, 79 S.W. 8; Franklin L. Ins. Co. v. Blackwell, Texas Civ. App., 87 S.W. 361; Panhandle & S. F. Ry. Co. v. Birdwell, Texas Civ. App., 47 S.W. 2d 878; City of Canadian v. Guthrie, Texas Civ. App., 87 S.W. 2d 316. This point is conceded."

Similar holdings by Courts of Civil Appeals are found in Gibson v. St. Anthony Hotel, 198 S.W. 412, no writ history, and City of Canadian v. Guthrie, Texas Civ. App., 87 S.W. 2d 316, no writ history, (the old bay mare case).

We accordingly conclude that in determining this Court's jurisdiction, the circumstance that no exception was sustained in the trial court to the allegations relating to penalty and attorney's fees is immaterial. Conner v. Sewell, 90 Texas 275, 38 S.W. 35. It is likewise immaterial that respondent did not contest petitioner's asserted claim of Supreme Court jurisdiction. McCauley v. Consolidated Underwriters, 157 Texas 475, 304 S.W. 2d 265.

We recognize the rule that the imperfect statement of a claim will not defeat jurisdiction. As stated by the Eastland Court of Civil Appeals in Lone Star Finance Company v. Davis, 77 S.W. 2d 711, 1.c. 715, no writ history.

"This rule, (that a petition must state a case within the jurisdiction of the court) however, is to be applied in connection with another rule; namely, that the mere failure of a petition to state cause of action does not show want of jurisdiction in the court. It is only where the court can see from the allegations of a pleading that, even by amendment, no cause of action can be stated consistent with the facts alleged that it can be said that the court is without jurisdiction. If the court can see that the nature of the different items claimed is such that, by amendment, they may be shown to be recoverable, then there is involved only a question of the sufficiency of the pleading, and not of the jurisdiction of the court."

The same qualification of the rule is also set forth in 2 McDonald, Texas Civil Practice 543, Sec. 6.09 and 21 C.J.S. 97, Courts, 369.

This case, however, is one based upon an insurance policy covering hail damage to a growing crop. There is no statutory basis for a recovery of penalty and attorney's fees. It follows that petitioner as plaintiff cannot state a cause of action for the

recovery of such items. Accordingly, we conclude that this is a case over which the County Court would have jurisdiction under our constitution. Article 1821.

Having concluded that this Court is without jurisdiction of the cause under either Article 1728 Sec. 2 or Article 1728 Sec. 6, the order granting the writ of error is withdrawn and set aside, and the application for writ of error is dismissed for want of jurisdiction.

Opinion delivered January 20, 1960.

Rehearing overruled March 2, 1960.