TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00222-CV







Texas A&M University System, Appellant



v.



AFEX Corporation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 92-06726, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







 Texas A&M University System (A&M) appeals the trial court's order denying its
plea to the jurisdiction based on sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (West Supp. 2000). We will affirm the trial court's order.

 Appellee AFEX Corporation sued A&M and two of its professors, Mark Holtzapple
and Richard Davison, for breach of contract, misappropriation of trade secrets, and taking
intellectual property without just compensation.(1) The claim for breach of contract arose from a
settlement agreement signed in March 1992 by which the parties tried to resolve their
disagreements over the use of trade secrets and confidential information.

 A&M filed a plea to the jurisdiction asserting sovereign immunity on the claims for
breach of contract and misappropriation of trade secrets. The trial court granted the plea as to the
misappropriation claim, but denied it as to the contract claim. On appeal, A&M challenges the
denial of its plea on the breach of contract claim by two issues.

 In its second issue, A&M contends that it did not waive its immunity from suit by
its conduct. Although a state agency does not waive its immunity from suit for breach of contract
merely by executing a contract, this Court has held that an agency can waive its immunity by
accepting some of the benefits of a contract without fulfilling its own contractual duties. See Texas
Natural Resource Conservation Comm'n v. IT-Davy, 998 S.W.2d 898, 902 (Tex. App.--Austin
1999, pet. filed); Aer-Aerotron, Inc. v. Texas Dep't of Transp., 997 S.W.2d 687, 691-92 (Tex.
App.--Austin 1999, pet. granted); Little-Tex Insulation Co. v. General Servs. Comm'n, 997
S.W.2d 358, 364 (Tex. App.--Austin 1999, pet. granted). A&M argues that the doctrine of
waiver of immunity by conduct should not extend to settlement agreements. This Court has
recently determined, however, that a settlement agreement is essentially a contract for services,
and that actions taken under such an agreement can lead to waiver of immunity. See Texas A&M
Univ.-Kingsville v. Lawson, 28 S.W.3d 211, 215 (Tex. App.--Austin 2000, pet. filed).

 We therefore turn to A&M's next argument, that AFEX failed to allege that A&M
engaged in any conduct by which it waived its immunity from suit. A&M's plea asserting
sovereign immunity contests the trial court's subject-matter jurisdiction. Texas Dep't of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). A plea to the jurisdiction is a dilatory plea, the purpose
of which is to defeat a cause of action without regard to whether the claims asserted have merit. 
Bland Indep. Sch. Dist. v. Blue, 44 Tex. Sup. Ct. J. 125, 129 (Dec. 7, 2000). In resolving a plea
to the jurisdiction, the trial court need not focus solely on the plaintiff's pleadings, but may
consider evidence and must do so when necessary to resolve the jurisdictional issues raised; the
nature of the issues raised by the plea determines the scope of the court's focus. Id. at 130. The
record in this case reflects that the trial court determined the plea based on the pleadings alone. 
On review of the trial court's order, we will likewise confine ourselves to the pleadings.

 To successfully challenge, based on the pleadings, a trial court's jurisdiction to hear
the subject matter of a plaintiff's claim, the defendant must show either that (1) the plaintiff's
pleadings, taken as true, affirmatively establish that the court lacks subject-matter jurisdiction, or
(2) the plaintiff pleaded fraudulently or in bad faith with the purpose of conferring jurisdiction
when under the true facts the court would lack it. Curbo v. State, 998 S.W.2d 337, 342 (Tex.
App.--Austin 1999, no pet.). While the plaintiff must initially allege facts showing that the court
has jurisdiction, an imperfectly stated claim will not defeat the court's jurisdiction. Bybee v.
Fireman's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960). The appellate court must construe
the pleadings in favor of the plaintiff and look to the pleader's intent. Texas Ass'n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Only when the court can see from the
allegations pleaded that, even by amendment, no facts consistent with jurisdiction can be alleged
will it be held that the court is without jurisdiction. Bybee, 331 S.W.2d at 917. Thus, if the
plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively
show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before
dismissing. City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.--Austin 1998,
no pet.).

 We therefore review the pleadings filed by AFEX to determine whether it alleged
facts showing that A&M waived immunity from suit. AFEX alleged that because Mark
Holtzapple and others began revealing AFEX's trade secrets and confidential information, AFEX
threatened litigation against Holtzapple, Davison, and A&M. In March 1992, to resolve their
disputes, Holtzapple, Davison, A&M, and others entered into a binding contract with AFEX. The
agreement imposed a number of obligations on the parties, including that A&M would refrain
from using AFEX's confidential information and would maintain the information's confidentiality. 
The allegations of AFEX imply that, in accordance with the agreement, AFEX released A&M
from its claims.

 AFEX alleged that A&M breached the agreement by continuing to use AFEX's
trade secrets and confidential information for its own gain and by filing a patent application that
contained confidential information or trade secrets of AFEX. In its third supplemental petition, 
AFEX alleged that A&M waived immunity from suit because "it has performed under, accepted
benefits from, and accepted substantial performance from AFEX" under the 1992 agreement. 
Although we are not bound by legal conclusions in a jurisdictional challenge, the allegations that
A&M accepted benefits and substantial performance from AFEX are not legal conclusions, but
factual allegations asserted in general terms. See Firemen's Ins. Co. v. Board of Regents of Univ.
of Tex. Sys., 909 S.W.2d 540, 542 (Tex. App.--Austin 1995, writ denied) (court determining
jurisdictional challenge is not bound by pleader's legal conclusions); O. W. Grun Roofing &
Constr. Co. v. Cope, 529 S.W.2d 258, 261 (Tex. Civ. App.--San Antonio 1975, no writ) (whether
performance amounts to substantial performance is question of fact). Rather than affirmatively
demonstrating an absence of jurisdiction, these general allegations reflect at most a lack of detail
correctable pursuant to special exception. See Tex. R. Civ. P. 91. Further, we infer that one
specific benefit accepted by A&M was AFEX's termination of its threatened litigation against
A&M. We conclude from our review of the pleadings that, because A&M has not shown that the
pleadings affirmatively negate jurisdiction, the trial court did not err in denying its plea to the
jurisdiction. We overrule issue two.

 In its first issue, A&M urges several additional bases for immunity. Having
determined that the trial court correctly found from the pleadings that immunity was waived by
the parties' conduct, we need not address this issue.

 We affirm the order of the trial court.



 

 J. Woodfin Jones, Justice

Before Justices Yeakel, Patterson and Jones*

Affirmed

Filed: January 11, 2001

Do Not Publish




* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. AFEX sued Holtzapple and Davison in their individual and official capacities for breach
of contract and misappropriation of trade secrets. A&M later added Bruce Dale, another professor
at A&M, as a defendant, charging him with misappropriation of trade secrets in both capacities,
but with breach of contract only in his official capacity. The three professors sought summary
judgment on the contract and misappropriation claims in their individual capacities based on the
affirmative defense of official immunity. In a prior appeal, this Court affirmed the trial court's
denial of their summary-judgment motion. See Holtzapple v. AFEX Corp., No. 3-96-273-CV
(Tex. App.--Austin Aug. 28, 1997, no pet.) (not designated for publication).


>, 331 S.W.2d 910, 917 (Tex. 1960). The appellate court must construe
the pleadings in favor of the plaintiff and look to the pleader's intent. Texas Ass'n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Only when the court can see from the
allegations pleaded that, even by amendment, no facts consistent with jurisdiction can be alleged
will it be held that the court is without jurisdiction. Bybee, 331 S.W.2d at 917. Thus, if the
plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively
show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before
dismissing. City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.--Austin 1998,
no pet.).

 We therefore review the pleadings filed by AFEX to determine whether it alleged
facts showing that A&M waived immunity from suit. AFEX alleged that because Mark
Holtzapple and others began revealing AFEX's trade secrets and confidential information, AFEX
threatened litigation against Holtzapple, Davison, and A&M. In March 1992, to resolve their
disputes, Holtzapple, Davison, A&M, and others entered into a binding contract with AFEX. The
agreement imposed a number of obligations on the parties, including that A&M would refrain
from using AFEX's confidential information and would maintain the information's confidentiality. 
The allegations of AFEX imply that, in accordance with the agreement, AFEX released A&M
from its claims.

 AFEX alleged that A&M breached the agreement by continuing to use AFEX's
trade secrets and confidential information for its own gain and by filing a patent application that
contained confidential information or trade secrets of AFEX. In its third supplemental petition, 
AFEX alleged that A&M waived immunity from suit because "it has performed under, accepted
benefits from, and accepted substantial performance from AFEX" under the 1992 agreement. 
Although we are not bound by legal conclusions in a jurisdictional challenge, the allegations that
A&M accepted benefits and substantial performance from AFEX are not legal conclusions, but
factual allegations asserted in general terms. See Firemen's Ins. Co. v. Board of Regents of Univ.
of Tex. Sys., 909 S.W.2d 540, 542 (Tex. App.--Austin 1995, writ denied) (court determining
jurisdictional challenge is not bound by pleader's legal conclusions); O. W. Grun Roofing &
Constr. Co. v. Cope, 529 S.W.2d 258, 261 (Tex. Civ. App.--San Antonio 1975, no writ) (whether
performance amounts to substantial performance is question of fact). Rather than affirmatively
demonstrating an absence of jurisdiction, these general allegations reflect at most a lack of detail
correctable pursuant to special exception. See Tex. R. Civ. P. 91. Further, we infer that one
specific benefit accepted by A&M was AFEX's termination of its threatened litigation against
A&M. We conclude from our review of the pleadings that, because A&M has not shown that the
pleadings affirmatively negate jurisdiction, the trial court did not err in denying its plea to the
jurisdiction. We overrule issue two.

 In its first issue, A&M urges several additional bases for immunity. Having
determined that the trial court correctly found from the pleadings that immunity was waived by
the parties' conduct, we need not address this issue.

 We affirm the order of the trial court.



 

 J. Woodfin Jones, Justice

Before Justices Yeakel, Patterson and Jones*

Affirmed

Filed: January 11, 2001

Do Not Publish




* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. AFEX sued Holtzapple and Davison in their individual and official capacities for breach
of contract and misappropriation of trade secrets. A&M later added Bruce Dale, another professor
at A&M, as a defendant, charging him with misappropriation of trade secrets in both capacities,
but with breach of contract only in his official capacity. The three professors sought summary
judgment on the contract and misappropriation claims in their individual capacities based on